UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GOWER IDREES,                                             Case No. 3:25-cv-01447-AR

                          Petitioner,            **ORDER TO SHOW CAUSE**

    v.

PRECISE MANUFACTURING &
ENGINEERING, INC., *a Washington
Corporation*,

                          Respondent.

_____

**ARMISTEAD, United States Magistrate Judge**

      Petitioner Gower Idrees, representing himself, filed this action on August 8, 2025, against

respondent Precise Manufacturing & Engineering, Inc. (Pet., ECF 1.) In his petition, Idrees seeks

to vacate an arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 10. The

underlying arbitration occurred between RareBrain Institute, LP, a Texas limited partnership for

which Idrees acts as Chief Executive Officer, and Precise, and involved a dispute about the

amount of consulting fees owed after Precise terminated a contract with RareBrain. A three-

Page 1 – ORDER TO SHOW CAUSE
*Idrees v. Precise Mfg.*, 3:25-cv-01447-AR

person arbitration panel determined that Precise was the prevailing party. Precise subsequently confirmed the arbitration award in Clackamas County Circuit Court and obtained a General Judgment and Money Award against RareBrain on July 8, 2025. (Mot. for Stay, ECF 17 at 6-9.)

In Idrees's petition, he contends that the underlying arbitration between RareBrain and Precise was riddled with fraud, perjury, misconduct, retaliation, and coercion, and that this court has jurisdiction to vacate the arbitral award under the FAA. (Pet., ECF at 10-18; Opp'n to MTD, ECF 11 at 1.)

Precise has filed a motion under Federal Rules of Civil Procedure 12(b)(1) through (6), seeking to dismiss Idrees's petition on several grounds, including as relevant here, that as a non-lawyer, Idrees may not represent RareBrain in this action. Moreover, because RareBrain is a limited partnership, Precise contends, it cannot represent itself. (MTD at 4; ECF 7.) Precise is correct.

Business entities, including limited partnerships, must be represented by an attorney. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (holding it is "a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney" and applying that rule to partnerships (citation modified)); *see also* LOCAL RULE 83-9(b) ("[A] corporation may appear or act only through an attorney."). Thus, RareBrain cannot represent itself in this action.

And a self-represented litigant who is not a licensed attorney cannot represent a business entity in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)). *C.E. Pope Equity Tr. v. United States,*

818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Idrees, who is not an attorney, cannot represent RareBrain in this action in this court, even in his role as CEO of the limited partnership. (Opp'n to MTD at 11); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding corporation's president and sole shareholder could not skirt counsel requirement by intervening *pro se*). Put simply, RareBrain must obtain counsel to continue to pursue this action.

Although Idrees may represent *himself* when pursuing his own individual claims, as currently pleaded, the petition exclusively seeks redress on behalf of RareBrain. (*E.g.*, Pet., ECF 1 at 17 ("RareBrain was denied access to third-party depositions"), 21 ("RareBrain seeks vacatur"), 83 ("The arbitration award was tainted . . . and denied RareBrain a fair hearing").) Moreover, Idrees has not alleged an individual injury that is separate from RareBrain's injury resulting from the arbitration sufficient to demonstrate standing. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (distinguishing between injuries to corporation and to individuals). Without standing, this court lacks jurisdiction. *Victory Processing, LLC v. Fox*, 937 F.3d 1218, 1225 (9th Cir. 2019) (discussing that corporation and individuals must assert their own standing); *Woods View II, LLC v. Kitsap County*, 484 F. App'x 160, 161 (holding individual's personal financial losses were not independent of limited liability company and thus lacked standing to pursue individual claims).

\ \ \ \ \

\ \ \ \ \

Accordingly, under Federal Rule of Civil Procedure 12(h)(3), the court ORDERS that Idrees file an amended petition that identifies claims and injuries personal to him or show good cause in writing for why this case should not be dismissed if RareBrain fails to obtain an attorney by October 17, 2025. Idrees is advised that failure to comply timely with this Order may result in the court recommending dismissal of the petition. Any pending motions are held in ABEYANCE until further order of the court.

DATED: September 17, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge